UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Maykel A. Castillo,
Pilar Vazquez,
and other similarly
situated individuals,

    Plaintiff(s),

v.

Southern Specialized
Security LLC,
Julio Sanchez Cordero,
and Damaris Hernandez,
individually,

    Defendants,
_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiffs Pilar Vazquez, Maykel A. Castillo, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Southern Specialized Security LLC, Julio Sanchez Cordero, and Damaris Hernandez individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for regular unpaid wages and retaliation under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiffs Pilar Vazquez and Maykel A. Castillo are residents of Miami-Dade County, Florida, within this Honorable Court jurisdiction and are otherwise sui juris. Plaintiffs are covered employees for purposes of the Act.

3. Defendant Southern Specialized Security LLC (from now on Southern Security, or Defendant) is a Florida Profit Corporation. Defendant has a place of business in Miami-Dade County within this Honorable Court Jurisdiction. Defendant was and is engaged in interstate commerce.

4. The individual Defendants, Julio Sanchez Cordero and Damaris Hernandez, were and are now, now the owners/partners/officers and managers of Defendant corporation Southern Security. These individual Defendants were the Employers of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint took place in Miami-Dade County, Florida, within this Court's jurisdiction.

General Allegations

6. This cause of action is brought by Plaintiffs Pilar Vazquez and Maykel A. Castillo as a collective action to recover from Defendants regular unpaid wages, retaliatory damages, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after May 2021, (the "material time") without being adequately compensated.

7. Defendant Southern Security was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant provides security services and, through its business activity, affects interstate commerce. Defendant has more than two employees recurrently engaged in commerce or the production of goods or services for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

8. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiffs were security employees, and through their daily activities, Plaintiffs provided security services to enterprises engaged in interstate commerce. Therefore, there is FLSA individual coverage.

9. Defendants Southern Security, Julio Sanchez Cordero, and Damaris Hernandez employed Plaintiffs Pilar Vazquez and Maykel A. Castillo as non-exempted, full-time employees from approximately May 13, 2021, to February 10, 2023, or 91 weeks.

10. During the relevant period, Plaintiffs performed as security guards, and they were paid an hourly rate of $11.00 an hour.

11. While Plaintiff was employed by Defendants, they worked five days per week, from Monday to Friday. Plaintiff Pilar Vazquez worked from 8:00 AM to 4:00 PM (8 hours daily), or a total of 40 hours weekly. Plaintiff Maykel A. Castillo worked the night shift

from 12: 00 AM to 8:00 AM (8 hours daily), or a total of 40 hours weekly. Plaintiffs did not take bonafide lunch hours.

12. During their employment with Defendants, Plaintiffs were not paid timely on the designated payment day.

13. Before their discharge, Defendants did not pay Plaintiff Pilar Vazquez five weeks of regular wages. Defendants also failed to pay Plaintiff Maykel A. Castillo four weeks of regular wages.

14. Plaintiffs did not clock in and out, but they signed timesheets, and Defendants were in absolute control of Plaintiffs' schedule and activities. Defendants knew the number of hours that Plaintiffs and other similarly situated individuals were working.

15. Therefore, Defendants willfully and intentionally failed to pay Plaintiffs minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

16. Plaintiffs were paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate paid, employee taxes withheld, etc.

17. Plaintiffs disagreed with the lack of payment of their wages and complained multiple times to their managers.

18. On or about February 10, 2023, Plaintiffs complained to the owner of the business Julio Sanchez Cordero for the last time. Plaintiffs demanded to be paid their accumulated wages.

19. As a result, Defendants fired Plaintiffs Pilar Vazquez and Maykel A. Castillo on the same day.

20. At the time of their termination, Defendants did not pay Plaintiffs their back wages. Plaintiff Pilar Vazquez is owed five weeks of 40 hours, and Plaintiff Maykel A. Castillo is owed four weeks of 40 working hours.

21. At times mentioned, individual Defendants Julio Sanchez Cordero and Damaris Hernandez were, and are now, the owners/partners/managers of Southern Security. Defendants Julio Sanchez Cordero and Damaris Hernandez were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These individual Defendants acted directly in Southern Security's interests concerning its employees, including Plaintiff and others similarly situated. Defendants Julio Sanchez Cordero and Damaris Hernandez had financial and operational control of the business determining Plaintiff's terms and conditions of employment. Accordingly, they are jointly and severally liable for Plaintiff's damages.

22. Plaintiffs Pilar Vazquez and Maykel A. Castillo seek to recover regular unpaid wages, retaliatory damages, liquidated damages, and any other relief as allowable by law.

Collective Action Allegations

23. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

24. Plaintiffs contend that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for regular hours worked.

25. This action is intended to include every security guard, dispatcher, and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**COUNT I:**
**FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

26. Plaintiffs re-adopts every factual allegation stated in paragraphs 1-25 of this Complaint as if set out in full herein.

27. This action is brought by Plaintiffs to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable Attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day, and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

28. Defendants Southern Security, Julio Sanchez Cordero, and Damaris Hernandez employed Plaintiffs Pilar Vazquez and Maykel A. Castillo as non-exempted, full-time employees from approximately May 13, 2021, to February 10, 2023, or 91 weeks.

29. During the relevant period, Plaintiffs performed as security guards, and they were paid an hourly rate of $11.00 an hour.

30. While Plaintiff was employed by Defendants, they worked five days per week, from Monday to Friday, a total of 40 hours weekly. Plaintiffs did not take bonafide lunch hours.

31. During their employment with Defendants, Plaintiffs were not paid timely on the designated payment day.

32. Before their discharge, Defendants did not pay Plaintiff Pilar Vazquez five weeks of regular wages. Defendants also failed to pay Plaintiff Maykel A. Castillo four weeks of regular wages.

33. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

34. Plaintiffs did not clock in and out, but they signed timesheets, and Defendants were in absolute control of Plaintiffs' schedule and activities. Defendants knew the number of hours that Plaintiffs and other similarly situated individuals were working.

35. Therefore, Defendants willfully and intentionally failed to pay Plaintiffs minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

36. Plaintiffs were paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate paid, employee taxes withheld, etc.

37. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

38. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

39. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 USC § 516.4.

40.  Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

1.- Claim of Plaintiff Pilar Vazquez

    a.  Total amount of alleged unpaid wages:

    Two Thousand Two Hundred Dollars and 00/100 ($2,200.00)

  b. <u>Calculation of such wages</u>:

    Total period of employment: 91 weeks
    Total number of unpaid weeks: 5 weeks
    Total number of unpaid hours: 40 hours weekly
    Regular rate: $11.00 an hour

    $11.00 x 40 hours=$440.00 weekly x 5 weeks= $2,200.00

  c. <u>Nature of wages:</u>

    This amount represents regular unpaid regular wages.[1]

### 2.- Claim of Plaintiff Maykel A. Castillo

  a. <u>Total amount of alleged unpaid wages</u>:

    One Thousand Seven Hundred Sixty Dollars and 00/100 ($1,760.00)

  b. <u>Calculation of such wages</u>:

    Total period of employment: 91 weeks
    Total number of unpaid weeks: 4 weeks
    Total number of unpaid hours: 40 hours weekly
    Regular rate: $11.00 an hour

    $11.00 x 40 hours=$440.00 weekly x 4 weeks= $1,760.00

  c. <u>Nature of wages:</u>

    This amount represents regular unpaid regular wages[2]

41. Defendants Southern Security, Julio Sanchez Cordero, and Damaris Hernandez unlawfully failed to pay minimum wages to Plaintiffs Pilar Vazquez and Maykel A. Castillo.

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

42. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

43. Defendants Southern Security, Julio Sanchez Cordero, and Damaris Hernandez willfully and intentionally refused to pay Plaintiffs minimum wages as required by the law of the United States and remain owing Plaintiffs these minimum wages as set forth above.

44. Plaintiffs have retained the law offices of the undersigned Attorney to represent them individually and on behalf of the asserted class and incurred Attorney's fees and costs in bringing this action. Pursuant to 29 USC § 216 (b), Plaintiffs are entitled to recover reasonable Attorney's fees and costs.

<u>Prayer for Relief</u>

Wherefore, Plaintiffs Pilar Vazquez and Maykel A. Castillo respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants Southern Security, Julio Sanchez Cordero, and Damaris Hernandez based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs Pilar Vazquez and Maykel A. Castillo actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiffs Pilar Vazquez and Maykel A. Castillo and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

## COUNT II:
### FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS

45. Plaintiffs Pilar Vazquez and Maykel A. Castillo re-adopts every factual allegation stated in paragraphs 1-22 of this Complaint as if set out in full herein.

46. Defendant Southern Security was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A

47. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

48. 29 USC § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

49. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

50. Defendants Southern Security, Julio Sanchez Cordero, and Damaris Hernandez employed Plaintiffs Pilar Vazquez and Maykel A. Castillo as non-exempted, full-time employees from approximately May 13, 2021, to February 10, 2023, or 91 weeks.

51. During the relevant period, Plaintiffs performed as security guards, and they were paid an hourly rate of $11.00 an hour.

52. While Plaintiffs were employed by Defendants, they worked five days per week, from Monday to Friday, a total of 40 hours weekly. Plaintiffs did not take bonafide lunch hours.

53. During their employment with Defendants, Plaintiffs were not paid timely on the designated payment day.

54. Before their discharge, Defendants did not pay Plaintiff Pilar Vazquez five weeks of regular wages. Defendants also failed to pay Plaintiff Maykel A. Castillo four weeks of regular wages.

55. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

56. Plaintiffs did not clock in and out, but they signed timesheets, and Defendants were in absolute control of Plaintiffs' schedule and activities. Defendants knew the number of hours that Plaintiffs and other similarly situated individuals were working.

57. Therefore, Defendants willfully and intentionally failed to pay Plaintiffs minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

58. Plaintiffs were paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate paid, employee taxes withheld, etc.

59. Plaintiffs disagreed with the lack of payment of their wages, and complained multiple times to their managers.

60. On or about February 10, 2023, Plaintiffs Pilar Vazquez and Maykel A. Castillo complained to the owner of the business Julio Sanchez Cordero for the last time. Plaintiffs demanded to be paid their accumulated wages.

61. These complaints constituted protected activity under the FLSA.

62. However, as a direct result of Plaintiffs' complaints, Defendants fired Plaintiffs Pilar Vazquez and Maykel A. Castillo on the same day.

63. At the time of their termination, Defendants did not pay Plaintiffs their back wages. Plaintiff Pilar Vazquez is owed five weeks of 40 hours, and Plaintiff Maykel A. Castillo is owed four weeks of 40 working hour

64. At the time of their termination, Plaintiffs were performing the essential functions of their position satisfactorily. There was no other reason than retaliation to fire them.

65. There is close proximity between Plaintiffs' protected activity and their termination.

66. The motivating factor which caused Plaintiffs' discharge, as described above, was their complaints seeking unpaid regular wages from Defendants. In other words, Plaintiff would not have been fired but for their complaints about unpaid regular and overtime wages.

67. The Defendants' termination of Plaintiffs was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiffs have been damaged.

68. Plaintiffs Pilar Vazquez and Maykel A. Castillo have retained the law offices of the undersigned Attorney to represent them in this action and are obligated to pay a reasonable Attorney's fee.

## Prayer For Relief

Wherefore, Plaintiffs Pilar Vazquez and Maykel A. Castillo respectfully request that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Southern Security, Julio Sanchez Cordero, and Damaris Hernandez that Plaintiffs Pilar Vazquez and Maykel A. Castillo recover compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiffs Pilar Vazquez and Maykel A. Castillo recover an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants Southern Security, Julio Sanchez Cordero, and Damaris Hernandez to make whole the Plaintiffs by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiffs Pilar Vazquez and Maykel A. Castillo further pray for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiffs Pilar Vazquez and Maykel A. Castillo demand a trial by a jury of all issues triable as a right by a jury.

Date: February 28, 2023

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*