UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-cv-20792-CMA

Maykel A. Castillo
Pilar Vazquez,
and other similarly
situated individuals,

    Plaintiff(s),

v.

Southern Specialized Security LLC,
Julio Sanchez Cordero,
and Damaris Hernandez,
individually,

    Defendants,
_____/

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS

Plaintiffs, Maykel A. Castillo, and Pilar Vazquez, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure a 55 (b)(2) and the Inherent Powers of the Court, hereby moves for entry of Default Judgment against the Defendants Southern Specialized Security LLC and Julio Sanchez Cordero, individually and states as follows:

1. On or about February 28, 2023, Plaintiffs brought the above titled action against the Defendants, Southern Specialized Security LLC and Julio Sanchez Cordero, to recover minimum wages, lost wages, retaliation damages and the costs of reasonably attorney's fees under the laws of the United States, Fair Labor Standards Act, 29 U.S.C. §201 et. seq. ("the FLSA") [D.E. 1].

2. On or about May 11 and May 25, 2023, Returns of Service were executed for Defendants Southern Specialized Security LLC and Julio Sanchez Cordero; Proofs of Service should appear in the Court file [DE 8 & 13].

3. Accordingly, Defendants answers were due on or before June 1 and June 15, 2023. However, Defendants have completely failed to respond to the complaint.

4. Up to this date, Defendants have failed to respond to the complaint.

5. "[T]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by a counsel." Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985).

6. When a corporate defendant has failed to obtain counsel, then that failure is a failure to "defend" under Fed. R. Civ. P. 55(a). *see Lehman Bros. Holdings, Inc. v. Key Fin. Corp.*, No. 8:09- CV-623-T-17EAJ (M.D. Fla. May 2, 2011) (Order Granting Plaintiff's Motion for Entry of Default).

7. The Defendant, Southern Specialized Security LLC cannot defend itself. *see Palazzo v. Gulf Oil Corp., 764 F.2d 1381 (11th Cir. 1985).*

8. A Clerk's Default [D.E. 17 & 26 ] was entered on June 6 and June 20, 2023 against Defendants Southern Specialized Security LLC and Julio Sanchez Cordero.

9. The FLSA requires covered employers to pay non-exempt employees engaged in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce a minimum wage of not less than statutorily prescribed amounts.

10. Section 216(b) provides that employers who violate §206 and/or §207 of the FLSA shall be liable to their employees for the amount of their unpaid minimum wages, or their

unpaid overtime compensation, as the case may be, and an additional equal amount in liquidated damages and attorney's fees and costs. See 29 U.S.C.A. § 216(b).

11. In addition, Section 6 of the FLSA, 29 U.S.C. § 206(a)(3), states that it shall be unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding . . . ."

12. In support of the damages alleged in the Complaint, the Plaintiffs hereby submit evidence in the form of affidavits [Composite Exhibit "A" –Affidavits of Amount of Indebtedness].

13. Rule 55, Federal Rules of Civil Procedure, allows for Final Default Judgment to be entered by the Clerk upon "request of the Plaintiff and upon Affidavit of the amount due" if the Defendants has been defaulted for failure to appear.

14. Defendants failed to pay Plaintiff Pilar Vazquez at least $2,200.00 during the period of time in which Plaintiff was working for Defendants, which well within the statute of limitations provided for under the FLSA as a matter of law. Plaintiff also seeks to recover $3,520.00 in lost wages and $5,720.00 in liquidated damages. Therefore, Plaintiff is owed the amount of $11,440.00 ($2,200.00 in minimum wages + $3,520.00 in lost wages + $5,720.00 in liquidated damages)

15. In addition, Defendants failed to pay Plaintiff Maykel Castillo at least $1,760.00 during the period of time in which Plaintiff was working for Defendants, which well within the statute of limitations provided for under the FLSA as a matter of law. Plaintiff also seeks to recover $3,520.00 in lost wages and $5,280.00 in liquidated damages. Therefore,

> Plaintiff is owed the amount of $10,560.00 ($1,760.00 in minimum wages + $3,520.00 in lost wages + $5,280.00 in liquidated damages)

16. Additionally, Plaintiffs seek to recover attorney fees ($8,400.00) and costs ($782.00), for a total amount of $31,182.00 as judgment against Defendants.

17. Plaintiffs claim judgment by default for failure of Defendants Southern Specialized Security LLC and Julio Sanchez Corderoto file or serve any papers in the action or otherwise plead.

## **MEMORANDUM OF LAW**

### I. **Default Judgment Under Fed. R. Civ. P. 55(b)**

"Rule 55, Federal Rules of Civil Procedure (Rule(s)), sets forth the requirements for entry of a default judgment." *United States v. Fleming*, 114 A.F.T.R.2d 2014-5377, 2014 WL 3643517,*9 (M.D. Fla. 2014). "A default judgment may be entered 'against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue.'" Id. (quoting *Solaroll Shade and Shutter Corp., Inc. v. Bio–Energy Sys., Inc.,* 803 F.2d 1130, 1134 (11th Cir.1986)). "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default." Broad. *Music, Inc. v. PRB Productions, Inc*., 6:13-CV-1917-ORL-31, 2014 WL 3887509, *2 (M.D. Fla. 2014)(citing *Miller v. Paradise of Port Richey, Inc.*, 75 F.Supp.2d 1342, 1346 (M.D. Fla. 1999). "Rather, the Court determines the amount and character of damages to be awarded." *Isaula v. Chicago Rest. Group, LLC*, 13-CV-24387-JLK, 2014 WL 3477917, *1 (S.D. Fla. 2014) (quoting Miller, 75 F.Supp.2d at 1346 (M.D.Fla.1999)).

Upon considering a motion for default judgment, "a court must consider whether an evidentiary hearing on the question of damages is warranted." Fleming, supra, 114 A.F.T.R. 2d

2014-5377, 2014 WL 3643517 at *9. "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." Id. (quoting *United Artists Corp. v. Freeman*, 605 F. 2d 854, 857 (5th Cir.1979) [1] and citing *SEC v. Smyth*, 420 F. 3d 1225, 1231–32 (11th Cir. 2005). "However, where the essential evidence regarding damages is before the Court, such a hearing may be unnecessary." Id. (citing Smyth, 420 F. 3d at 1232 n. 13). *See also* Broad. Music, 2014 WL 3887509 at *2.

Moreover, "[a] default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact, and bars the defendant from contesting those facts on appeal." *Massachusetts Mut. Life Ins. Co. v. Hunter*, 8:12-CV-1628-T-33AEP, 2012 WL 6094122, *1 (M.D. Fla. 2012) (citing *Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975)).

## Statutory Basis for Claims

### A. F.L.S.A Minimum Wages

The provision of the FLSA applicable to this case include section(s) 29 U.S.C. §§ 201-215. Under the FLSA, Plaintiffs are entitled to be paid for each hour that Plaintiff worked for Defendants at the correct rate of pay. The underlying complaint alleges that Defendants willfully and/or knowingly violated the FLSA with respect to Plaintiffs by failing to pay minimum wages properly under the law (Count I). Moreover, Plaintiffs suffered retaliation due to their requests to be paid fairly (Count II).

Plaintiffs worked for Defendants from approximately May 13, 2021 to February 10, 2023, or 91 weeks. Plaintiffs worked for 40 hours weekly. Defendants did not pay Plaintiff Pilar Vazquez

five weeks of regular wages. Defendants also failed to pay Plaintiff Maykel A. Castillo four weeks of regular wages.

Plaintiff Pilar Vazquez is owed at least $2,200.00 in minimum wages (these are wages for work that Plaintiff performed on Defendants' behalf for which Defendants did not properly pay Plaintiff), plus $2,200.00 in liquidated damages.

Plaintiff Maykel Castillo is owed at least $1,760.00 in minimum wages (these are wages for work that Plaintiff performed on Defendants' behalf for which Defendants did not properly pay Plaintiff), plus $1,760.00 in liquidated damages.

### B. **F.L.S.A Retaliatory Discharge:**

Plaintiffs allege in Count II of their complaint that Defendants retaliated against them in violation of Section 215 of the FLSA. By Defendants' failure to prosecute this action, Plaintiffs' allegations are admitted. The FLSA forbids any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint" alleging a violation of the Act. *29 U.S.C. § 215(a)(3)*. The Supreme Court has held that the anti-retaliation provision covers oral, as well as written, complaints. *See Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. 1, 2, 131 S. Ct. 1325, 179 L. Ed. 2d 379 (2011)*. To establish a retaliation claim, a plaintiff must show that 1) she was engaged in protected activity under the FLSA; 2) she suffered an adverse action by his employer; and 3) a causal connection exists between Plaintiff's activity and the adverse action. *See Wolf v. Coca-Cola Co., 200 F.3d 1337, 1342-43 (11th Cir. 2000)*.

Here, Plaintiffs have pled sufficient facts to state a claim for retaliation under the FLSA. According to their complaint, Plaintiffs complained to Defendants on February 10, 2023 and demanded to be paid their accumulated wages [DE 1, para 18 and 60 and *Affidavits* at para 8 and

9]. Plaintiffs suffered an adverse action by Defendants because Plaintiffs were fired immediately in retaliation for asserting their FLSA rights and engaging in a protected activity.[3] Therefore, Plaintiffs have stated a retaliation claim pursuant to the FLSA. *Echevarria v. Marcvan Rests., Inc., 2013 U.S. Dist. LEXIS 63708, 2013 WL 1881313, at *1 (M.D. Fla. May 3, 2013)* (granting default judgment when plaintiff alleged that she "complained to Defendant that she was not paid the federal minimum wage under the FLSA, she was terminated by Defendant, and her termination was caused by her complaint about the alleged FLSA violation.").

## Damages

The FLSA provides for the recovery of unpaid wages, backpay, lost wages and liquidated damages as well as costs and reasonable attorney fees. 29 U.S.C.A. § 216(b). In this case, Plaintiff is owed wages for the time he worked for Defendants but was not paid by Defendants in violation of the FLSA, as codified by 29 U.S.C. § 206-207 (Count I and II). Additionally, the FLSA provides for liquidated damages which would double the amount of the unpaid wages due and owing to Plaintiffs by Defendants.

Upon establishing a claim for retaliation under the FLSA, 29 U.S.C. § 215(a)(3), an employer is "liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of [the FLSA], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Plaintiffs seek back pay damages. In determining the amount of back pay due, Plaintiffs have a duty to mitigate their damages, and it is proper to deduct Plaintiffs' subsequent earnings from lost wages. *See, e.g., Nord v. U.S. Steel Corp., 758*

---

[3] The relevant FLSA provision provides in part: "[I]t shall be unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . . ." *29 U.S.C. § 215(a)(3)*.

*F.2d 1462, 1471-72 (11th Cir. 1988)* (district court erred in failing to deduct interim earnings from back pay award under Title VII). After his termination, Plaintiffs "immediately started looking for a job".

Moreover, the FLSA provides for liquidated damages which would double the amount of the unpaid wages due and owing to Plaintiffs by Defendants.

Therefore, Plaintiff Pilar Vazquez is owed $2,200.00 in minimum wages, plus $3,520.00 in lost wages and $5,720.00 in liquidated damages. Plaintiff Maykel Castillo is owed at least $1,760.00 in minimum wages plus $3,520.00 in lost wages and $5,280.00 in liquidated damages.

### Attorney's Fees and Costs

The FLSA provides that the Plaintiffs are entitled to reasonable attorney's fees and costs as a prevailing party. *See* 29 U.S.C.§216(b).

In *Hensley v. Eckerhart,* the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. 424, 433 (1983).

Plaintiff's counsel has expended a total of 21.00 hours pursuing Plaintiff's claim against Defendants. [*See* Zandro Palma's Affidavit at ¶ 16; Exhibit B]. Plaintiff is requesting a reasonably hourly rate of $400.00 for Mr. Zandro E. Palma, Esq (a total amount of $8,400.00 in attorney's fees).

Effective as of January 1st, 2021, Mr. Palma bills all cases at the rate of $400.00 per hour for the professional services that are rendered. Prior to January 1st, 2021, his hourly rate was of $375.00 per hour. The current hourly rate of $400.00 reflects Mr. Palma's skills and experience in litigating employment cases and is reasonable in light of the relevant legal marketplace. Moreover, the undersigned has over 17 years of experience litigating employment related

matters, charges an hourly rate of $400.00. This rate has been consistently approved this by Courts in this District as well as Courts in the Southern and Northern Districts of Florida. ("Plaintiff's counsel, Mr. Zandro E. Palma, Esq., charges an hourly rate of $400.00 for litigating employment cases in both federal and state court. [27-2] at 3. The Court does not find this hourly rate excessive. See, e.g., *Toledo v. Vioss Vision, Inc*., No. 18-20309-CIV, 2019 WL 5689246, at *2-3 (S.D. Fla. Oct. 31, 2019) (finding counsel's hourly rate of $425.00 to be reasonable where the attorney had been a member of the Florida Bar for twenty years, was the founder of his law firm, and specialized in employment and labor matters)" See, *Restrepo v. Modern Roofing Experts, Inc., et al.,* Case No.: 2:21-cv-14080-KMM, [D.E. 28] (S.D. Fla. Apr. 2, 2021). "[Mr. Palma's] customary rate for new clients is $400.00 per hour. See [ECF No. 46-1 at ¶ 12]. Based on the Court's expertise and familiarity, regarding prevalent market rates for attorneys with like experience to Plaintiffs' counsel herein, the Court finds the hourly rate of $400.00 per hour reasonable under the circumstances." See, *Briseno, et al. v. Cuprys and Associates, et al*., Case No.: 2:22-cv-20139-LMR, [D.E. 47] (S.D. Fla. Jul. 22nd, 2022).

The law firm of Zandro E. Palma, P.A. has also expended $782.00 in costs in Plaintiff's case. (*See* Zandro Palma's Affidavit at ¶ 16; Exhibit B). As such, the attorney fees and costs for prosecution of Plaintiffs' claims against Defendants amounts to $9,182.00 ($8,000.00 + $782.00).

## Conclusion

For the reasons set forth above, Plaintiffs respectfully request that this Court enter default judgment against Defendants with respect to the FLSA claims in the amount of $22,000.00 for Plaintiffs and $9,182.00 in attorney's fees and costs; as well as post- judgment interest, and for such other relief as this Court deems just and proper.

Dated: June 27, 2023.

>Respectfully submitted,
>ZANDRO E. PALMA, ESQ.
>Florida Bar No.: 0024031
>zep@thepalmalawgroup.com
>ZANDRO E. PALMA, P.A.
>9100 South Dadeland Boulevard
>Suite 1500
>Miami, Florida 33156
>Telephone: (305) 446-1500
>Facsimile:  (305) 446-1502
>*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>By: /s/ Zandro E. Palma
>Zandro E. Palma, Esq.
>Florida Bar No.: 0024031
>zep@thepalmalawgroup.com
>ZANDRO E. PALMA, P.A.
>9100 South Dadeland Boulevard
>Suite 1500
>Miami, Florida 33156
>Telephone: (305) 446-1500
>Facsimile:  (305) 446-1502
>*Attorney for Plaintiff*

**SERVICE LIST**
**Case No: 1:23-cv-20792-CMA**

Southern Specialized Security LLC,
Through Its Registered Agent
JM ACCOUNTING & TAX FIRM L.L.C
45 Curtiss Pkwy, Miami, Suite D1
Miami Springs, Fl 33166

Julio Sanchez Cordero,
1465 SE 24 Court
Homestead, FL 33035

Zandro E. Palma Esq.
THE LAW OFFICES OF
ZANDRO E. PALMA, P.A.
9100 S. Dadeland Blvd, Suite 1500,
Miami, Florida, 33156
Phone:  (305) 446-1500
Fax:   (305) 446-1502
zep@thepalmalawgroup.com
*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-cv-20792-CMA

Maykel A. Castillo
Pilar Vazquez,
and other similarly
situated individuals,

    Plaintiff(s),

v.

Southern Specialized Security LLC,
Julio Sanchez Cordero,
and Damaris Hernandez,
individually,

    Defendants,
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS SOUTHERN SPECIALIZED SECURITY LLC AND JULIO SANCHEZ CORDERO

THIS CAUSE came before the Court upon Plaintiff's Motion for Default Judgment Against Defendants Southern Specialized Security LLC and Julio Sanchez Cordero filed on June 26, 2023 [D.E. ___]:

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised on the premises. A default has been entered against Defendants Southern Specialized Security LLC and Julio Sanchez Cordero for failure to answer or otherwise plead to the Summons and Complaint served by Plaintiffs. Counsel for Plaintiffs filed Affidavits with the Court as to the amount due from Defendants. Accordingly, it is

**ADJUDGED** that the Motion for Default Final Judgment is **GRANTED.** Judgment is hereby entered in favor of Plaintiffs Maykel A. Castillo and Pilar Vazquez against Defendants Southern Specialized Security LLC and Julio Sanchez Cordero. It is further

**ADJUDGED** that Plaintiff Pilar Vazquez shall recover from Defendants compensatory damages in the amount of $11,440.00 consisting,of $2,200.00 in minimum wages, plus $3,520.00 in lost wages and $5,720.00 in liquidated damages.

Plaintiff Maykel Castillo shall recover from Defendants compensatory damages in the amount of $10,560.00, consisting of $2,200.00 in minimum wages, plus $3,520.00 in lost wages and $5,720.00 in liquidated damages.

Plus, attorney's fees and costs in the amount of $9,182.00; for a sum total of $31,182.00

**DONE AND ORDERED** in Chambers at Miami Dade, Florida, this ___day of_____, 2023.

                                                _____
                                                CECILIA M. ALTONAGA
                                                US DISTRICT CHIEF JUDGE

Copies provided to:
All parties and counsel of Record